UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO ISMAEL ARVAIZA MENDEZ,<br><br>Petitioner,<br><br>v.<br><br>DEPT. 2 MISDEMEANOR COURT,<br><br>Respondent. | No. 1:23-cv-00502-ADA-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO STATE A CLAIM AND FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES[1]<br><br>(Doc. No. 1)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Petitioner Mauricio Ismael Arvaiza Mendez ("Petitioner"), a state prisoner, initiated this action by filling a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1, "Petition"). This matter is now before the Court for preliminary review. *See* Rules Governing § 2254 Cases, Rule 4; 28 U.S.C. § 2243. For the reasons set forth below, the Court recommends that the Petition be DISMISSED without prejudice for failure to exhaust administrative remedies. Additionally, the Court finds the Petition fails to state a cognizable claim .

## I.   BACKGROUND

Petitioner states he was sentenced to an "inpatient treatment program" after pleading guilty to misdemeanor battery and another misdemeanor charge, and was "remanded into

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1

custody" after he did not complete the program. (Doc. No. 1 at 1). The Petition raises one ground for relief: that Petitioner "should have been granted my time served and cases to be thrown out or resolved." (*Id*. at 3).

## II.   APPLICABLE LAW AND ANALYSIS

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### A. Failure to State a Cognizable Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). If a prisoner's claim "would necessarily demonstrate the invalidity of confinement or its duration," a habeas petition is the appropriate avenue for the claim. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). In addition, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition

(1) Specify all the grounds for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's commitment or detention.

Here, Petitioner has failed to comply with the aforementioned statutes and rules. Other than conclusory statements, Petitioner has not specified any factual allegations to support his ground for relief, nor has he provided specific information regarding his conviction and the sentence he received. (*See generally* Doc. No. 1). Based on the foregoing, the undersigned recommends Petition be dismissed for failure to state a cognizable claim. Further, because Petitioner concedes he has failed to exhaust administrative remedies affording Petitioner an opportunity to file an amended petition would be futile.

**B. Failure to Exhaust Administrative Remedies**

A petitioner in state custody who wishes to proceed on a federal petition for a writ of habeas corpus must exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b)(1). Exhaustion is a "threshold" matter that must be satisfied before the court can consider the merits of each claim. *Day v. McDonough*, 547 U.S. 198, 205 (2006). The exhaustion doctrine is based on comity and permits the state court the initial opportunity to resolve any alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). To satisfy the exhaustion requirement, petitioner must provide the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). The burden of proving exhaustion rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218 (1950) (overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)). A failure to exhaust may only be excused where the petitioner shows that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

Here, Petitioner concedes that he has not appealed his conviction and sentence, nor has he sought review of his claim in the California Supreme Court. (Doc. No. 1 at 5). Because Petitioner concedes he has failed to exhaust his claim, the undersigned recommends the district court dismiss the Petition because the purported sole ground for relief is unexhausted. If

Petitioner presented his claim to the California Supreme Court, he should provide proof of this filing to the court in his objections to these findings and recommendations.

### III. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue

Accordingly, it is **RECOMMENDED**:

1. The Petition (Doc. No. 1) be DISMISSED WITHOUT PREJUDICE for failure to state a cognizable claim and failure to exhaust administrative remedies.
2. Petitioner be denied a certificate of appealability.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

4

Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     May 1, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE