UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO ISMAEL ARVAIZA MENDEZ,<br><br>Petitioner,<br><br>v.<br><br>DEPT. 2 MISDEMEANOR COURT,<br><br>Respondent. | No.  1:23-cv-00502-ADA-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 6) |

Petitioner Mauricio Ismael Arvaiza Mendez is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 1, 2023, the Magistrate Judge issued findings and recommendations, recommending that the Court dismiss the petition for failure to state a cognizable claim and failure to exhaust state remedies.  (ECF No. 6.)  The findings and recommendations contained notice that Petitioner had fourteen days within which to file objections.  (*Id.* at 4.)  On May 8, 2023, the findings and recommendations were returned as undeliverable.[1]  As of the date of this order, Petitioner has not filed objections, and the deadline for doing so has passed.

---

[1] Absent notice of a party's change of address, service of documents at the prior address of the party is fully effective. E.D. Cal. R. 182(f); *see also* E.D. Cal. R. 183(b) ("If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three  (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.").

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

The Court also declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Where, as here, a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Court finds that reasonable jurists would not find the Court's decision to dismiss the petition debatable or wrong, or that petitioner should be allowed to proceed further.

Accordingly,

1. The findings and recommendations issued on May 1, 2023, (ECF No. 6), are adopted in full;
2. The petition for writ of habeas corpus, (ECF No. 1), is dismissed without prejudice;
3. The Clerk of Court is directed to enter judgment and close the case; and
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: August 22, 2023

UNITED STATES DISTRICT JUDGE